**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: June 25, 2013.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**
_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 12-12749-HCM |
| KENNETH WAYNE URBAN | § | |
| | § | CHAPTER 7 |
| Debtor | § | |

| | | |
|---|---|---|
| SCOTT MARSHALL | § | |
| Plaintiff | § | |
| | § | ADV. NO. 13-1052-HCM |
| v. | § | |
| KENNETH WAYNE URBAN | § | |
| Defendant | § | |

**ORDER DENYING
<u>DEFENDANT'S MOTION TO DISMISS</u>**

On this day the Court considered the Motion to Dismiss ("Motion") (dkt. no. 7) filed by Kenneth Wayne Urban ("Defendant"), and the Response to Defendant's Motion to Dismiss filed by Scott Marshall ("Plaintiff"). After reviewing the record in this case and the pleadings, and for the reasons set forth below, the Court determines that the Motion should be denied.

The procedural history of this controversy may be summarized as follows. Mr. Kenneth Wayne Urban, Defendant in this adversary proceeding, filed a voluntary petition as a debtor under Chapter 7 of the Bankruptcy Code on December 12, 2012, in main bankruptcy case no. 12-12749. That same day, Urban Steel LLC, an entity in which the Defendant was the sole owner, also filed a voluntary petition as a debtor under Chapter 7 of the Bankruptcy Code, in main bankruptcy case no. 12-12748.

1

The deadline to file an adversary proceeding against the Defendant to determine the dischargeability of a debt in the Defendant's individual bankruptcy was March 12, 2013. *See* case no. 12-12749 (dkt. no. 3); Rule 4007(c) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

Plaintiff initiated this adversary proceeding by filing his Complaint on March 8, 2013 ("Original Complaint") (dkt. no.1). Plaintiff's Original Complaint was filed prior to the deadline of March 12, 2013. The caption of the Original Complaint correctly references the main bankruptcy case as "*IN RE: KENNETH URBAN*," and correctly names the Defendant as "*KENNETH URBAN*." But, the Original Complaint incorrectly referenced the main bankruptcy case number as "12-12748," which was actually the main bankruptcy case number for Urban Steel LLC— Defendant's related company. So, Plaintiff's Original Complaint was off by one number digit in the main bankruptcy case number—it listed the main bankruptcy case number as 12-12748, instead of 12-12749—but correctly named the Defendant and the Debtor in the bankruptcy case as Defendant Mr. Kenneth Urban. At the time it was filed, the Original Complaint was also entered on the Urban Steel LLC main bankruptcy case docket (case no. 12-12748). Summons was issued by the Clerk's office to the Defendant with respect to the Original Complaint on March 8, 2013--with the caption referencing the lead bankruptcy case number incorrectly by one digit as "12-12748"—as set forth By Plaintiff in the Original Complaint (dkt. no. 2).

On March 15, 2013, Plaintiff filed his First Amended Complaint ("Amended Complaint") in this adversary proceeding, which corrected the lead bankruptcy case number in the caption to be the Defendant's individual bankruptcy case no. "12-12749" (dkt. no. 3). The rest of the Amended Complaint is identical to the Original Complaint—only the last digit of the main bankruptcy case number was corrected. The Clerk's office issued a new Summons on March 15, 2013 (dkt no. 4) directed to the Defendant with the correct main bankruptcy case number consistent with the Amended Complaint, which was then served upon Defendant on March 27, 2013 (dkt no. 6).

Meanwhile, on March 15, 2013 (the same day the Amended Complaint was filed), the Clerk of the Court entered an Order granting Defendant's individual discharge under §727 of the Bankruptcy Code ("Discharge Order"). *See* case no. 12-12749 (dkt. no. 8).

On April 2, 2013, Defendant filed the instant Motion to Dismiss (herein "Motion") pursuant to Bankruptcy Rule 7012(b), alleging that Plaintiff's dischargeability complaint was untimely filed and should be dismissed (dkt. no. 7). Defendant acknowledges that Bankruptcy Rule 7015(c), which incorporates Rule 15(c) of the Federal Rules of Civil Procedure ("FRCP"), provides for relation back of certain amended pleadings. Defendant argues that the relation back doctrine does not apply here for various reasons, including because Defendant's bankruptcy discharge is now final and the Defendant's main bankruptcy case referencing the adversary has been closed. On April 19, 2013, Plaintiff filed a Response to the Defendant's Motion (dkt no. 10). In the

2

Response, Plaintiff admits that there was a typographical error in the main bankruptcy case number in the caption of the Original Complaint, but asserts that such typographical error is not detrimental and that the Amended Complaint relates back to the filing of the Original Complaint pursuant to FRCP 15(c) and is therefore timely.

Bankruptcy Rule 4007(c) provides that a complaint to determine the dischargeability of any debt pursuant to §523(c) of the Bankruptcy Code shall be filed no later than 60 days following the first date set for the meeting of creditors held pursuant to §341(a). Here, the deadline for filing a complaint to determine dischargeability of a debt against Defendant was March 12, 2013. The time limitation of Bankruptcy Rule 4007(c) has been strictly interpreted so as to protect the good faith debtor and to be in line with the purpose of Chapter 7 cases to give the debtor a "fresh start." Yet, courts have found exceptions to the strict limitation of the 60-day deadline under certain limited circumstances.

To begin with, Bankruptcy Rule 7015 states that FRCP 15 applies in adversary proceedings. FRCP 15(a)(1) provides that a party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under FRCP 12(b), (e), or (f), whichever is earlier. Here, because Plaintiff filed his Amended Complaint within seven days after filing his Original Complaint, Plaintiff was allowed to amend as a matter of course and was not required leave of court to amend his Original Complaint. However, because the time limit for filing an adversary proceeding to determine dischargeability of debt had expired as of the date of filing the Amended Complaint, Plaintiff must satisfy either FRCP 15(c)(1)(B) or FRCP 15(c)(1)(C) to obtain the benefit of the relation back doctrine –and have his amended pleading (the Amended Complaint) relate "back to the date of the original pleading" (the Original Complaint). See FRCP 15(c). Here, under the circumstances presented, the Court concludes that Plaintiff has satisfied the "relation back" standard of FRCP 15(c)(1)(B) or alternatively, the standard of FRCP 15(c)(1)(C), and thus the Amended Complaint relates back to the date of the timely filing of the Original Complaint.

Plaintiff's Amended Complaint satisfies the relation back standard of FRCP 15(c)(1)(B). Plaintiff's Amended Complaint asserts the very same claim arising out of the very same conduct, transaction or occurrence set out by Plaintiff in the Original Complaint. The only difference between Plaintiff's Original Complaint and Plaintiff's Amended Complaint is the single digit number correction in the main bankruptcy case number—as the named Defendant (Mr. Kenneth Urban) is the same and the allegations and claims are identical in both the Original Complaint and Amended Complaint.

Alternatively, Plaintiff's Amended Complaint satisfies the relation back standard of FRCP 15(c)(1)(C). Courts have used the relation back doctrine found in FRCP 15(c)(1)(C) and applied it to bankruptcy cases under Bankruptcy Rule 7015 to determine whether an amendment outside of the time limitations of Bankruptcy Rule 4007(c) is allowed. In *Gulf Coast Bank and Trust Comp. v. Mendel*, the bankruptcy

3

court applied the elements of the relation back doctrine of FRCP 15(c)(1)(C) to a bankruptcy proceeding as delineated by the Fifth Circuit in *Skoczylas v. Fed. Bureau of Prisons*, 961 F.2d 543, 545 (5th Cir. 1992) as follows: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining a defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it. *In re Mendel*, 351 B.R. 449, 456 (Bankr. S.D. Tex. 2006). There was a fourth element to the relation back doctrine originally included by the U.S. Supreme Court in *Schiavone v. Fortune*, 477 U.S. 21, 106 (1986) which required that elements (2) and (3) be satisfied within the time limitation for filing the original complaint. However, FRCP 15(c)(1)(C) was amended in 1991 and the Fifth Circuit indicated that the only difference the amendment made to FRCP 15(c)(1)(C) was that elements (2) and (3) could now be satisfied within 120 days of the filing of the original complaint. *Skoczylas*, 961 F.2d at 544.

Here, in applying the FRCP 15(c)(1)(C) standard, (1) the allegations made by Plaintiff in the Amended Complaint are identical to those in his Original Complaint and are solely against the same Defendant individually, there only being the correction of the typographical error in the main bankruptcy case number referenced in the Original Complaint; (2) the Defendant received sufficient notice so as to not be prejudiced in maintaining a defense, as the allegations against the Defendant in both the Original Complaint and Amended Complaint are identical and both are against the Defendant individually; (3) the Defendant knew or should have known that the Original Complaint was brought against him individually, as he was clearly named individually as a Defendant in the Original Complaint and the only mistake was in one number digit of the main bankruptcy case number; and (4) Defendant was served with the Amended Complaint and Summons within 120-day time period of FRCP 4(m).

The bankruptcy court in *Mendel* determined that the claim did not arise out of the conduct set forth in the original complaint because the proposed amended complaint *changed the name* of the defendant and *other important identifying facts* specific to the misnamed defendant within the context of the original complaint. However, the *Mendel* court correctly recognized that the "plaintiff could have satisfied the conduct element if the allegations within both the Original and Amended Complaint had all been directed at the debtor, with the style of the suit at the top of the first page of the Original Complaint being the only error." *Mendel,* 351 B.R. at 457. This is almost the exact situation in the instant case. The conduct and allegations set forth by Plaintiff in his Original Complaint were not changed and were not amended in his Amended Complaint. The only change made by the Amended Complaint was in the caption style to change to the correct main Chapter 7 bankruptcy case of Defendant Kenneth Urban individually, and not the main bankruptcy case number of Urban Steel LLC (the company owned by Defendant). Plaintiff's Original Complaint alleged causes of action against the Defendant in his individual capacity, not against Urban Steel, LLC. As Plaintiff's only error was referencing the incorrect main bankruptcy case number in the caption of the Original Complaint (by one number digit), the Amended Complaint arises out of the same conduct and facts set forth in the Original Complaint.

4

Defendant is not prejudiced in defending against the Amended Complaint as he received sufficient notice of this adversary proceeding. The Amended Complaint (changing only a single number digit) was filed within seven days of the Original Complaint and promptly served. Defendant received notice well within 120 days following the filing of the Original Complaint. *See Mendel,* citing *Skoczylas*, 961 F.2d at 545. Plaintiff served the Amended Complaint on Defendant's counsel on March 20, 2013 (12 days after the Original Complaint was filed), and served it on the Defendant on March 26, 2013 (19 days after the Original Complaint was filed)—both well within the 120-day requirement of FRCP 4(m) and FRCP 15(c)(1)(C).

Finally, it is obvious from reviewing the Original Complaint that Defendant knew or should have known that the Original Complaint had sued Defendant in his individual capacity. The facts and allegations set forth by the Original Complaint all reference the Defendant in his individual capacity and do not make any allegations against his company (Urban Steel LLC). Further, Plaintiff apparently obtained a prior state court judgment against the Defendant individually in the amount of approximately $28,000 which is referenced in the Original Complaint. The reference to this prior state court judgment is also a clear indication that the Plaintiff sued the Defendant individually. Notwithstanding the typographical mistake referencing the main bankruptcy case number of Defendant's related business entity Urban Steel LLC, it is obvious from the Original Complaint that Plaintiff filed this adversary proceeding against the Defendant individually.

Other courts have held that amended complaints that relate back should be allowed when the amended complaint will not prejudice the debtor and when there was no bad faith on the part of the plaintiff. *See e.g. In re Sherf,* 135 B.R. 810, 814 (Bankr. S.D.Tex. 1991)(holding that if there is no prejudice to the debtor and no bad faith on the part of the plaintiff, the debtor should have had actual notice of the objections to discharge and the amended complaint should be allowed); *Re/Max Prop., Inc. v. Barnes*, 96 B.R. 833, 839 (Bankr. N.D. Ill. 1989)(holding that a common denominator among past decisions allowing an amendment is that the original timely objection or complaint put the debtor on notice of the basic factual situation underlying the creditor's objection to dischargeability).

Finally, Defendant's argument that the Discharge Order (entered on the same day as Plaintiff filed his Amended Complaint) requires dismissal of this adversary proceeding lacks merit. The Discharge Order was entered under §727 of the Bankruptcy Code. *See* case no. 12-12749 (dkt. no. 8). Under §727(b) of the Bankruptcy Code, a discharge is granted for all debts except those provided for by §523 of the Bankruptcy Code—and Plaintiff's Original and Amended Complaint seeks to except debt from Defendant's discharge under §523. Indeed, as recognized in the Discharge Order, such Order does not discharge "debts that the bankruptcy court has decided or will decide in this bankruptcy case are not discharged"—such as debts excepted from discharge under §523. *See* Discharge Order, p. 2. Nor does the fact that Defendant's main Chapter 7 bankruptcy case has been administratively closed, prevent the Court

5

from ruling on a pending adversary proceeding concerning the dischargeability of debt under §523.

For any and all of the foregoing reasons, the Court finds that Defendant's Motion must be denied.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. Defendant's Motion to Dismiss (dkt. no. 7) is hereby DENIED; and

2. The Clerk shall issue a Scheduling Order in this adversary proceeding.

# # #