**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: December 18, 2013.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**
_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 12-12749-HCM |
| KENNETH WAYNE URBAN | § | (Chapter 7) |
|     Debtor | § | |
| | | |
| SCOTT MARSHALL | § | |
|     Plaintiff | § | |
| v. | § | ADV. NO. 13-1052-HCM |
| KENNETH WAYNE URBAN | § | |
|     Defendant | § | |

### ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

On this day the Court considered the Motion for Summary Judgment ("Motion") (dkt# 16) filed by Scott Marshall, Plaintiff ("Plaintiff"). After considering the Motion with supporting materials, the Response to the Motion with supporting materials (dkt# 19) filed by Kenneth Wayne Urban, Defendant and debtor ("Defendant")(dkt# 19), and the Reply with supporting materials filed by Plaintiff (dkt# 20), the Court concludes that the Motion should be denied for the reasons set forth in this Order.

To begin with, summary judgment is appropriate only if the "movant (here Plaintiff) shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Rule 56(a) of the Federal Rules of Civil Procedure ("Federal Rules"), incorporated into Rule 7056 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact. *See e.g., Celotex Corp. v. Catreet,* 477

1

U.S. 317 (1986). Summary judgment is properly granted when "viewing the evidence in the light most favorable to the nonmoving party (here Defendant), the record indicates that there is no genuine issue as to any material fact." *See e.g., Am. Home Assurance Co. v. United Space Alliance, LLC*, 378 F.3d 483, 486 (5th Cir. 2004). Whether a fact is material is governed by substantive law; "only facts that might affect the outcome of the suit will preclude summary judgment." *See In re Moore*, 379 B.R. 284, 288 (Bankr. N.D. Tex. 2007) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When reviewing the summary judgment record to decide a motion for summary judgment, the court should "refrain from making credibility determinations or weighing the evidence." *Coury v. Moss*, 529 F.3d 579, 584 (5th Cir. 2008).

Here, Plaintiff has filed a First Amended Complaint against Defendant in this Court which seeks a determination that Plaintiff's debt against Defendant is excepted from Defendant's bankruptcy discharge under 11 U.S.C. §523(a)(2)(A). In general, under §523(a)(2)(A), a plaintiff-creditor must prove that that its debt was obtained by the debtor-defendant's "actual fraud, false pretenses or false representation" to have the debt excepted from a debtor's discharge. *See e.g., In re Mercer,* 246 F.3d 391, 403 (5th Cir. 2001) (to establish a non-dischargeable claim for fraud under §523(a)(2)(A), a plaintiff must show that (1) a representation was made; (2) the representation was knowingly false; (3) it was made with intent to deceive the plaintiff; (4) the plaintiff actually and justifiably relied on it; and (5) the plaintiff sustained a loss as a proximate result of the reliance).

Plaintiff's Motion is predicated on a Summary Judgment ("Summary Judgment") rendered in the County Court at Law No.1. of Travis County, Texas ("State Court") on April 26, 2012 in favor of Plaintiff and against Defendant and Defendant's company Urban Steel, LLC. *See* Motion, Ex. E. According to the Motion, Defendant did not contest the Motion for Summary Judgment in State Court and did not present any evidence to the State Court. Since the Summary Judgment rendered by the State Court includes a finding that "the Defendants committed a fraud on Plaintiff by making material misrepresentations on which Plaintiff relied", the Motion filed by Plaintiff seeks summary judgment as to the non-dischargeability of such judgment under theories of res judicata and collateral estoppel.

At the outset, the Fifth Circuit has established that res judicata (claim preclusion) based on a state court judgment does not apply in bankruptcy non-dischargeability proceedings like this one. *See e.g., Pancake v. Reliance Ins. Co., (In re Pancake)*, 106 F.3d 1242, 1244 (5th Cir. 1997)(supporting citations omitted). But, under the appropriate circumstances, collateral estoppel (issue preclusion) of a state court judgment may be applied in bankruptcy non-dischargeability proceedings. *Id.*

According to the Fifth Circuit, Texas law on collateral estoppel (issue preclusion) should be examined since the Summary Judgment here was rendered by a Texas State Court. Under Texas law, a party is collaterally estopped from raising an issue when three elements are established: (1) the facts sought to be litigated were fully and fairly litigated in the first action; (2) those facts were essential to the prior judgment; and (3)

2

the parties were cast as adversaries in the first action. See *Pancake*, 106 F.3d at 1244 (supporting citations omitted). As to the first element of collateral estoppel, the nature of the inquiry is not directed at the nature of the state court judgment-- but instead must focus on whether the fraud issue was fully and fairly litigated. *Id.* Here, Defendant did not contest the Summary Judgment in State Court, it was effectively a default Summary Judgment, no record of the hearing in State Court was provided, and it is not possible to ascertain if the fraud issue was fully and fairly litigated based on the State Court record provided.

As to the second element of collateral estoppel—the fraud facts were essential to the State Court judgment--Texas courts have adopted the Restatement (Second) of Judgments §27, which is the general rule on issue preclusion. See *In re Gober,* 100 F.3d 1195, 1203 n. 6 (5th Cir. 1996). In *Eagle Properties, Inc. v. Scharbauer,* 807 S.W.2d 714, 722 (Tex. 1991), the Texas Supreme Court applied comment i to the Restatement, which provides " *Alternative determinations by court of first instance.* If a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone".

Here, the Summary Judgment rendered by the State Court appears to be based on two claims--a fraud claim and a breach of contract for services claim. The Summary Judgment does not distinguish between the two claims—and could be read as being based on a breach of contract claim for unpaid services, which would be dischargeable in bankruptcy. *See* Summary Judgment, Ex. E to Motion ("Defendants were provided services by Plaintiff in return for the promise of payment, and Defendant is indebted to Plaintiff in the sum of $20,521…"). The Summary Judgment also uses the singular term "Defendant" and plural term "Defendants" interchangeably, when there were two defendants in the State Court suit—Defendant Kenneth Urban (a debtor and Defendant in this proceeding) and Defendant Urban Steel, LLC (which is not a debtor and defendant in this proceeding). Accordingly, the Summary Judgment is not preclusive as to the fraud issue with respect to Defendant Mr. Kenneth Urban.

Finally, in the Fifth Circuit, collateral estoppel (issue preclusion) will prevent a bankruptcy court from determining dischargeability issues for itself only if "the first court has made specific, subordinate, factual findings on the identical dischargeability issue in question…and the facts supporting the court's finding are discernible from that court's record". *See e.g., In re King,* 103 F.3d 17, 19 (5th Cir. 1997) (supporting citations omitted). Here, the State Court record in support of the Summary Judgment contains insufficient specific, subordinate factual findings on fraud for non-dischargeability purposes to support application of collateral estoppel. Nor does the Summary Judgment rendered by the State Court contain detailed facts sufficient as findings to meet the federal standard of non-dischargeability of debt. *See Harold Simpson & Co. v. Shuler (In re Shuler),* 722 F. 2d 1253, 1257-8 (5th Cir. 1984) (holding that if the bankruptcy court is unable to discern from the state court record the subsidiary facts upon which the false pretense claim was made and the state court judgment only contained a conclusory statement that plaintiff was entitled to judgment based on false pretenses,

3

such judgment was not entitled to collateral estoppel effect in §523(a)(2)(A) bankruptcy non-dischargeability proceeding).

The Summary Judgment was based on a motion filed by Plaintiff with the State Court and an affidavit (Ex. D), which again uses the singular term "Defendant" and plural term "Defendants" interchangeably—and often does not differentiate between Defendant Mr. Urban (the Defendant and debtor in this case) and Defendant Urban Steel, LLC. Responses to Plaintiff's Request for Admissions in State Court by Defendant Mr. Urban are also included (Ex. B), but this Response does not establish that Defendant Mr. Urban did not intend to pay Plaintiff when Defendant Mr. Urban incurred the alleged debt to Plaintiff. Defendant Mr. Urban's Affidavit in this adversary proceeding states that Mr. Urban did not tell Plaintiff that he did not intend to pay him, only that Urban Steel, LLC (the company that apparently employed Plaintiff as Chief Operating Officer) could not pay him until Urban Steel, LLC was paid by one of its customers. See dkt# 19-1, p.2). The Summary Judgment rendered by the State Court includes only a conclusory finding that "the Defendants committed a fraud on Plaintiff by making material misrepresentations on which Plaintiff relied". Accordingly, there are insufficient specific subsidiary findings in the Summary Judgment and facts in the State Court record to establish that Defendant Mr. Urban made a representation to Plaintiff that was knowingly false and with intent to deceive the Plaintiff—which are two necessary elements of a §523(a)(2)(A) non-dischargeability cause of action. See e.g., *In re Mercer,* 246 F.3d 391, 403 (5th Cir. 2001).

For any and all of the foregoing reasons, the Court finds that Plaintiff's Motion must be denied.

**ACCORDINGLY, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT** the Motion for Summary Judgment ("Motion") (dkt# 16) filed by Scott Marshall, Plaintiff ("Plaintiff") is hereby DENIED.

# # #